UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLYDE J. HOLLIDAY, III,

    Plaintiff,

v.                      Case No.: 8:18-cv-1327-T-33CPT

MARKEL SYNDICATE 3000 AT
UNDERWRITERS AT LLOYDS,

    Defendant.
_____/

## **ORDER**

    This matter comes before the Court pursuant to Defendant Markel Syndicate 3000 at Underwriters at Lloyds' Motion to Dismiss the Amended Complaint (Doc. # 17), filed on August 30, 2018. Pro se Plaintiff Clyde J. Holliday, III, filed an amended response in opposition on October 1, 2018. (Doc. # 31). The Motion is granted as set forth below.

## I.  **Background**

    Holliday is no stranger to federal court. He previously brought an action against "Syndicate 3000 at Lloyds, London" on August 29, 2017. See Holliday v. Lloyd's, Underwriters at, London, 17-cv-2063-T-33AEP (M.D. Fla. Aug. 29, 2017). In that action, because the Complaint and First Amended Complaint were both shotgun complaints, the Court sua sponte dismissed them with leave to amend. Id. at (Doc. ## 3, 10). Holliday

1

then filed a Second Amended Complaint against "Lloyd's, Underwriters at, London," which Lloyd's moved to dismiss. Id. at (Doc. ## 12, 25). The Court dismissed the Second Amended Complaint on December 28, 2017, with leave to file a Third Amended Complaint. Id. at (Doc. # 35). In that Order, the Court noted that Holliday's claims "appear[ed] time-barred as pled" but allowed Holliday leave to amend in order to "include[] allegations supporting the application of the discovery rule to toll the statute of limitations." Id. at (Doc. # 35 at 9).

Holliday then filed a Third Amended Complaint, asserting claims for "Breach of Agreement," "Computer Records Theft," "Concealment of Records and Fraud," and "False Reporting and Slander" against Markel Syndicate 3000. Id. at (Doc. # 36). Ultimately, the Third Amended Complaint was dismissed without prejudice and that case was closed after Holliday failed to properly serve Markel Syndicate 3000. Id. at (Doc. # 48).

Subsequently, on June 4, 2018, Holliday initiated this action against Markel Syndicate 3000. (Doc. # 1). After the Magistrate Judge recommended that Holliday's motion for leave to proceed in forma pauperis be denied and his Complaint be dismissed as a shotgun pleading (Doc. # 6), Holliday filed his Amended Complaint, (Doc. # 7), and paid the filing fee.

In the Amended Complaint, Holliday asserts four counts: (1) "Breach of Agreement and Wrongful Conversion"; (2) "Computer Records Theft and Illegal Transfer"; (3) "Concealment of Records and Fraud"; and (4) "False Reporting and Slander." (Id.). Holliday's claims involve the dissolution of his relationship with Markel Syndicate 3000, through whom Holliday used to sell surplus lines insurance. (Id.). Allegedly, Markel Syndicate 3000 improperly ended its agreement to allow Holliday to sell its insurance back in 2008 or 2009, failed to pay Holliday money it owed him, removed Holliday's access to his business records, and falsely accused Holliday of committing a felony. (Id.). Holliday was charged with a felony, but the charges were dropped after three years. (Id. at 8).

Now, Markel Syndicate 3000 has moved to dismiss the Amended Complaint (Doc. # 17), arguing that Holliday has failed to state a claim in any count and that the claims are time-barred. Holliday has responded (Doc. # 31), and the Motion to Dismiss is ripe for review.

## II. **Legal Standard**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir.

2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." <u>McFarlin v. Douglas County</u>, 587 F. App'x 593, 595 (11th Cir. 2014).

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached

exhibits. <u>St. George v. Pinellas County</u>, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III. **Analysis**

Markel Syndicate 3000 argues the Amended Complaint should be dismissed with prejudice because Holliday has failed to state a claim in any of the four counts and the claims are time-barred. (Doc. # 17). The Court will address each count in turn.

### A. **Count 1**

In Count 1, Holliday asserts a claim for "Breach of Agreement and Wrongful Conversion." (Doc. # 7 at 3-5). He seeks a judgment "for monies owing in the amount of $283,380.14, USD as evidenced by year end closing statement dated December 31, 2008." (<u>Id.</u> at 3). He alleges "Markel Syndicate 3000 . . . did cause to be issued a 'year end closing statement' that reflected an outstanding credit balance owing [Holliday] plus interest at the legal rate dating from the date of indebtedness beginning December 31, 2008." (<u>Id.</u>). This money was allegedly the result of overpayments made between January 1, 2008, and December 31, 2008. (<u>Id.</u>). According to Holliday, Markel Syndicate 3000 improperly transferred this money to its own accounts and failed to pay the money back to Holliday as required. (<u>Id.</u>).

Markel Syndicate 3000 argues that Count 1 fails to state a claim for breach of contract or conversion. (Doc. # 17 at 4-5). To state a claim for breach of contract, a plaintiff must allege "(1) a valid contract; (2) a material breach; and (3) damages." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999)(citation omitted). Markel Syndicate 3000 contends that "Count 1 does not go so far as to allege the existence of a contract between [Holliday] and [Markel Syndicate 3000] and, accordingly, fails to state a claim for breach of contract." (Doc. # 17 at 5). The Court agrees that Count 1 fails to "allege that [Holliday] himself (as opposed to a company he owned or worked for) is a party to any bilateral contract with [Markel Syndicate 3000]." (Id.). Therefore, the Amended Complaint fails to state a plausible claim for breach of contract.

"In order to establish a claim for conversion of money under Florida law, a plaintiff must demonstrate, by a preponderance of the evidence: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so." United States v. Bailey, 288 F. Supp. 2d 1261, 1264 (M.D. Fla. 2003), aff'd, 419 F.3d 1208 (11th Cir.

2005). Markel Syndicate 3000 argues Count 1 fails to state a claim for conversion "because it fails to allege the existence of specific and identifiable money or a refused demand for its return." (Doc. # 17 at 5). The Court agrees. The Amended Complaint fails to plead with specific detail why Markel Syndicate 3000's retention of the funds was unlawful or when and how Holliday demanded the funds' return but was refused.

Furthermore, Markel Syndicate 3000 argues that Count 1 should also be dismissed because the claim is time-barred. (Id. at 5-6). "A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in their complaint.'" La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)(citation omitted). Dismissal under Rule 12(b)(6) on statute of limitations grounds "is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." Id. (citation omitted).

Here, the Amended Complaint asserts that the agreement was breached either on December 31, 2008, or December 31, 2009, when Markel Syndicate 3000 failed to pay Holliday the money it allegedly owed him. (Doc. # 7 at 3, 8). The statute of limitations for breach of contract claims is five years. See Fla. Stat. § 95.11(2)(b) (setting a five-year limitations

period for "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument"). And "[a] cause of action for conversion under Florida law is subject to a four-year statute of limitations." Wachovia Bank N.A. v. Tien, 658 F. App'x 471, 475 (11th Cir. 2016).

Furthermore, there are no allegations in the Amended Complaint suggesting that Holliday did not discover, or could not have discovered, the alleged breach or conversion at the time it occurred. See Patel v. Diplomat 1419VA Hotels, LLC, 605 F. App'x 965, 966 (11th Cir. 2015)(applying La Grasta and finding that, where the dates included in the complaint made the time-bar apparent, plaintiff did not plead facts sufficient to plausibly allege tolling of the statute of limitations); Heuer v. Nissan N. Am., Inc., No. CV 17-60018-CIV, 2017 WL 3475063, at *4 (S.D. Fla. Aug. 11, 2017)("When the time-bar is apparent from the face of the complaint, the plaintiff bears the burden of pleading allegations sufficient to toll the statute of limitations."). Therefore, the clock on the statute of limitations began to run on the date of the alleged breach or conversion in either 2008 or 2009. Based on those dates, the statute of limitations has run for Count 1.

The Amended Complaint's confusing assertion to the contrary is of no avail. In the Amended Complaint, Holliday

contends that the statute of limitations for Count 1 is twelve years under Section 95.031(2)(a), Florida Statutes. (Doc. # 7 at 4). But Section 95.031(2)(a) does not stand for that proposition. Rather, Section 95.031(2)(a) establishes that a claim for fraud must be brought within twelve years of when the fraud occurred, regardless of when the fraud was discovered. <u>See</u> Fla. Stat. § 95.031(2)(a) ("An action founded upon fraud under s. 95.11(3) . . . must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence . . . but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.").

Because Holliday has failed to state a claim for breach of contract or conversion and, regardless, the claims are time-barred, Count 1 is dismissed with prejudice.

### B.  <u>Count 2</u>

Count 2 is a claim for "Computer Records Theft and Illegal Transfer," in which Holliday alleges that Markel Syndicate 3000 has violated various state and federal

statutes. (Doc. # 7 at 5-7). Specifically, Holliday alleges Markel Syndicate 3000 "commit[ted] a material breach of agreement under the operating provisions of the Underwriting Contract and Line Slip Authority #A8543100 . . . and did willfully and fraudulently conceal from [Holliday] all evidence of Proprietary client files and Premium Accounting information and records thereby denying [Holliday] access, by illegal hacking after close of business to its proprietary and exclusive Accounting and Underwriting programs." (Id. at 5-6). According to Holliday, Markel Syndicate 3000 "did refuse, in spite of multiple requests, access to and or restoration of [Holliday's] proprietary records." (Id. at 6).

All but one of the statutes referred to in the Amended Complaint do not create private causes of action. The only statute cited under which Holliday could potentially state a claim is 18 U.S.C. § 1030(g). Although primarily a criminal statute, "Section 1030 allows a person who suffers damage or loss to maintain a civil action for compensatory damages against the violator if the offense caused loss to the victim of at least $5,000." Tank Connection, LLC v. Haight, 161 F. Supp. 3d 957, 968 (D. Kan. 2016).

More specifically, to state a claim under Section 1030(g), a plaintiff must allege that the defendant's conduct caused at least one of the following:

> (I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
> (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
> (III) physical injury to any person;
> (IV) a threat to public health or safety; [or]
> (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security.

18 U.S.C. § 1030(c)(4)(A)(i)(I)-(V).

Markel Syndicate 3000 argues that the Amended Complaint fails to state a claim under Section 1030(g) because it does not "allege the existence of any of the factors set forth in" subclauses (I), (II), (III), (IV), or (V). (Doc. # 17 at 8). Indeed, the Amended Complaint does not include any allegations related to medical treatment, physical injury, a threat to public health and safety, or damage to government computers.

And Holliday includes no allegations about the monetary loss caused by Markel Syndicate 3000's alleged taking and

refusal to return Holliday's records. While Holliday asserts in Count II that Markel Syndicate 3000 "mortally wound[ed]" Holliday's reputation for honesty, Holliday attributes this damage mostly to Markel Syndicate 3000's alleged "slanderous reporting" that Holliday had committed embezzlement. (Doc. # 7 at 6). So, Holliday has not sufficiently alleged that the supposed computer records theft resulted in over $5,000 in loss. Therefore, because Holliday has not clearly alleged the existence of one of the Section 1030(c)(4)(A)(i) factors, Holliday has not stated a claim under Section 1030(g).

Finally, Markel Syndicate 3000 notes that Section 1030(g) has a two-year statute of limitations. <u>See</u> 18 U.S.C. § 1030(g)("No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage."). It argues that "even the most indulgent reading of the [Amended] Complaint does not reveal any allegations of such 'computer records theft' occurring within the last two years." (Doc. # 17 at 8).

True, based on the Court's reading of the Amended Complaint, it appears that the alleged computer records theft occurred soon after Markel Syndicate 3000 ended its relationship with Holliday in either 2008 or 2009.

Furthermore, Count 2's reference to Markel Syndicate 3000's "slanderous reporting" of Holliday's purported embezzlement shows that the alleged records theft occurred around the same time that Markel Syndicate 3000 sought to press charges against Holliday. (Doc. # 7 at 6). And Holliday clearly alleges that those criminal charges were dropped after three years of litigation. (Id. at 8). Therefore, the alleged records theft occurred at least three years before the initiation of this action. And Holliday includes no allegations to suggest that he could not have discovered the supposed records theft at the time of its occurrence. Because the statute of limitations for Section 1030(g) claims is two years, Holliday's claim under that statute is time-barred.

The Court dismisses Count 2 with prejudice.

C.   **Count 3**

In Count 3, Holliday asserts a claim for "Concealment of Records and Fraud," which is very similar in substance to Count 2. (Id. at 7). He alleges that Markel Syndicate 3000 "did commit a material breach of agreement and did willfully and fraudulently conceal from [Holliday] all proprietary client files and accounting information and records thereby denying [Holliday] access to its proprietary and exclusive Underwriting programs." (Id.). And Markel Syndicate 3000

allegedly "did refuse, in spite of multiple requests, access to and or restoration of [Holliday's] proprietary records." (Id.).

Holliday further alleges he "relied upon the material representations made by Defendant(s) and would not have entered into an agreement otherwise." (Id.). It is unclear to what representations Holliday is referring. Holliday alleges that Markel Syndicate 3000 deprived him of access to his records, even though it knew it was a breach of their agreement, "for the specific purpose of depriving [Holliday] of its funds, and to harass [Holliday] in its business, and to defraud [Holliday] all with specific intent and malice toward [Holliday]." (Id.).

It appears Holliday is attempting to state a claim for both fraud and the concealment of computer records. But there is not a common law claim for "concealment of records," so Holliday cannot state a claim simply for the concealment of records.

"To state a claim of fraud, a plaintiff must show (1) a false statement or an omission of material fact, (2) knowledge of the statement's falsity, (3) intent to induce reliance, and (4) injury resulting from the plaintiff's relying on the statement." Drilling Consultants, Inc. v. First Montauk Sec.

Corp., 806 F. Supp. 2d 1228, 1236 (M.D. Fla. 2011). Additionally, Rule 9(b) of the Federal Rules of Civil Procedure imposes more stringent pleading requirements on claims alleging fraud. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1305 (11th Cir. 2002). The complaint must allege "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009).

Markel Syndicate 3000 argues that Count 3 fails to state a claim for fraud because Holliday "does not allege that [Markel Syndicate 3000] made any statements at all, much less false statements, or that [Holliday] believed them or acted in reliance on them." (Doc. # 17 at 9). The Court agrees. Holliday fails to allege with specificity what false representations were made by Markel Syndicate 3000. Furthermore, although Holliday vaguely alleges he "relied upon the material representations," Holliday does not allege with particularity how he relied on any false statements. (Doc. # 7 at 7). Therefore, Holliday has failed to state a claim for fraud.

Additionally, Markel Syndicate 3000 argues Count 3 is time-barred because "the allegations of Count 3 all concern acts and omissions occurring in 2008, well outside the four-year limitations period for fraud." (Doc. # 17 at 9); see also Fla. Stat. § 95.11(3)(j)(setting a four-year statute of limitations for "[a] legal or equitable action founded on fraud"). It is clear that the Amended Complaint asserts the alleged fraud occurred at the same time that the alleged breach of contract occurred in 2008 or 2009 — over four years before the initiation of this action. Indeed, in his amended response to the Motion, Holliday confirms that the "date of commencement of the fraud and related events hereunder were initiated by [Markel Syndicate 3000] on or about October 1, 2008." (Doc. # 31 at 4). Therefore, Count 3 is time-barred.

Count 3 is dismissed with prejudice.

**D.** **Count 4**

Count 4 is a claim for "False Reporting and Slander." (Doc. # 7 at 8). Holliday alleges:

> [Markel Syndicate 3000] did cause, through an in house attorney, the false and malicious reporting of a felony in violation of State and Federal law and for which [Holliday] . . . [was] arrested and indicted with a First Degree Felony by the Polk County State Attorney for which after 3 years the charges were nol prossed and [Holliday] was discharged.

(Id.). This alleged defamation "did effectively destroy the hard earned reputation of [Holliday], and destroyed [his] ability to earn a living at his profession of nearly 50 years." (Id.).

Markel Syndicate 3000 argues this claim should be dismissed as time-barred. (Doc. # 17 at 9-10). The statute of limitations for slander is two years. Fla. Stat. § 95.11(4)(g). Because the charges were pending for three years before they were dismissed, the alleged defamatory statements were necessarily made over two years before the filing of this action. And nothing in the Amended Complaint suggests that Holliday did not discover the allegedly false statements until after the criminal charges were dismissed. Therefore, the slander claim is time-barred and dismissed with prejudice.

However, to the extent Count 4 can be interpreted as a claim for malicious prosecution, it is not clear that the claim is time-barred. The statute of limitations for malicious prosecution under Florida law is four years. See Fla. Stat. § 95.11(3)(o)(setting a four-year statute of limitations for "[a]n action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort"). The statute of

limitations begins to run when the prosecution is terminated in the plaintiff's favor. See Olson v. Johnson, 961 So. 2d 356, 359 (Fla. 2nd DCA 2007)("For a cause of action for malicious prosecution, the right to maintain a suit arises upon termination of the prosecution favorably to the plaintiff."). Here, while the Amended Complaint asserts the criminal charges were dropped after three years, there is no allegation about the date the charges were dropped. Thus, Count 4 will not be dismissed as time-barred to the extent the Court construes it as a malicious prosecution claim.

Still, the Court notes that Count 4 does not state a claim for malicious prosecution as pled. To state a claim for malicious prosecution, a plaintiff must sufficiently allege each of six elements:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

Olson, 961 So. 2d at 359.

Here, Holliday does not provide sufficient details about the criminal charges brought against him. He does not allege

what crime he was charged with, when he was charged, or when and why the charges were dropped. Additionally, the Amended Complaint does not allege any details about whether there was probable cause for the charges to be brought. Therefore, Count 4 is dismissed without prejudice so that Holliday may amend the malicious prosecution claim, if he wishes, by October 22, 2018.

## III. **Conclusion**

Because each count in the Amended Complaint fails to state a claim or is time-barred, the Motion to Dismiss is granted. Because these counts are time-barred, the Court finds that further amendment of Counts 1, 2, and 3 would be futile and dismisses them with prejudice. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)(noting that courts need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile").

Although Holliday has had numerous opportunities to amend his claims in this and the previous action, the Court will permit him a final opportunity to amend Count 4 to the extent it attempts to assert a malicious prosecution claim.

If Holliday wishes to file one, his Second Amended Complaint is due October 22, 2018.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Markel Syndicate 3000 at Underwriters at Lloyds' Motion to Dismiss the Amended Complaint (Doc. # 17) is **GRANTED.**

(2) Counts 1, 2, and 3 are **DISMISSED** with prejudice.

(3) Count 4, to the extent it attempts to assert a malicious prosecution claim, is **DISMISSED WITH LEAVE TO AMEND.**

(4) If he wishes, Holliday may file a Second Amended Complaint by **October 22, 2018.** Failure to file a Second Amended Complaint by that date will result in dismissal and case closure without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of October, 2018.

Virginia M. Hernandez Covington

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE