```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

CLYDE J. HOLLIDAY, III,

    Plaintiff,

v.                                     Case No.: 8:18-cv-1327-T-33CPT

MARKEL SYNDICATE 3000 AT
UNDERWRITERS AT LLOYDS,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Markel Syndicate 3000 at Underwriters at Lloyds' Motion to Dismiss the Second Amended Complaint (Doc. # 38), filed on October 19, 2018. Pro se Plaintiff Clyde J. Holliday, III, failed to file a response in opposition and the time for filing one has expired. For the reasons that follow, the Motion is granted.

**I.**    **Background**

A detailed discussion of the history of this case, and Holliday's prior action, is unnecessary at this juncture. Suffice it to say that Holliday initiated this action against Markel Syndicate 3000 on June 4, 2018. (Doc. # 1).

After Holliday filed an Amended Complaint, Markel Syndicate 3000 moved to dismiss. (Doc. ## 7, 17). The Court

granted that motion in part and denied it in part on October 5, 2018. (Doc. # 33). The Court dismissed three counts of the Amended Complaint with prejudice for failure to state a claim and for being time-barred. (Id.). But the Court dismissed the fourth count without prejudice to the extent the Court construed it as a malicious prosecution claim. (Id.).

Holliday then filed a Second Amended Complaint on October 18, 2018, asserting a single malicious prosecution claim. (Doc. # 36). Holliday alleges that Markel Syndicate 3000 maliciously sent a letter to the State of Florida falsely claiming that Holliday, a surplus lines insurance agent who used to work with Markel Syndicate 3000, had embezzled over $300,000 from it. (Id. at 3, 5-6). As a result of that letter, Holliday was charged with a felony in the Tenth Judicial Circuit in and for Polk County, Florida. (Id.). The Second Amended Complaint states: "This [criminal] case was the subject of a Notice of Nolle Prosequi issued by the 10th Judicial Circuit Court on October 8, 2013." (Id. at 3, 9).

Markel Syndicate 3000 has now filed a Motion to Dismiss, arguing the malicious prosecution claim is time-barred. (Doc. # 38). Holliday has not responded and the time for responding has expired.

## II. **Legal Standard**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas County, 587 F. App'x 593, 595 (11th Cir. 2014).

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). Courts are not "bound to accept as true a legal

conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

III. **Analysis**

Markel Syndicate 3000 argues the Second Amended Complaint should be dismissed with prejudice because the single malicious prosecution claim is time-barred. (Doc. # 38 at 2-3). "A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in their complaint.'" La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)(citation omitted). Dismissal under Rule 12(b)(6) on statute of limitations grounds "is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." Id. (citation omitted).

The statute of limitations for malicious prosecution under Florida law is four years. See Fla. Stat. § 95.11(3)(o)(setting a four-year statute of limitations for "[a]n action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort"). The statute of limitations

4

begins to run when the prosecution is terminated in the plaintiff's favor. See Olson v. Johnson, 961 So. 2d 356, 359 (Fla. 2nd DCA 2007)("For a cause of action for malicious prosecution, the right to maintain a suit arises upon termination of the prosecution favorably to the plaintiff.").

Here, the Second Amended Complaint alleges the charges against Holliday were terminated via a Notice of Nolle Prosequi on October 8, 2013. (Doc. # 36 at 3). So, the four-year statute of limitations ran on October 8, 2017. This action was not initiated until June 4, 2018. Therefore, on the face of the Second Amended Complaint, the claim is time-barred.

And no facts alleged in the Second Amended Complaint support that the statute of limitations should be tolled. "Section 95.051(1) of the Florida Statutes delineates an exclusive list of conditions that can 'toll' the running of the statute of limitations." Carroll v. TheStreet.com, Inc., No. 11-CV-81173, 2014 WL 5474061, at *5 (S.D. Fla. July 10, 2014). The Second Amended Complaint does not establish a circumstance enumerated in Section 95.051. And Markel Syndicate 3000 is correct that "the timely commencement of an earlier proceeding is not one of" the enumerated reasons for

tolling the statute of limitations under Section 95.051. (Doc. # 38 at 4).

Holliday's argument to the contrary within the Second Amended Complaint is unavailing. At one point in the Second Amended Complaint, Holliday asserts that there is "an extended Period of the Statute of Limitations to 12 years from the Date of Discovery or Date of Commission under Statute # 95.11." (Doc. # 36 at 8). This is incorrect. As the Court explained in its previous Order on the motion to dismiss the Amended Complaint, Section 95.031(2)(a) "does not stand for [the] proposition" that the statute of limitations for Holliday's claims is twelve years because Section 95.031(2)(a) merely provides that "a claim for fraud must be brought within twelve years of when the fraud occurred, regardless of when the fraud was discovered." (Doc. # 33 at 9). The statute of limitations for the malicious prosecution claim is four years, not twelve years.

Additionally, in the Second Amended Complaint, Holliday asserts the statute of limitations has not run because of a previous action Holliday alleges he filed. (Doc. # 36 at 3). Specifically, Holliday states that his "original and ongoing complaint was first filed with the United States District Court, in and for the Middle District of Florida on October

6

2, 2013, which is within the four year Statute of Limitations." (Id.). It is unclear to what federal action beginning in 2013 Holliday is referencing.

Regardless, "[w]hen an action is dismissed, the statute of limitations is not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed." Steinberg v. Barclay's Nominees (Branches) Ltd., No. 04-60897-CIV, 2008 WL 4601043, at *8 (S.D. Fla. Sept. 30, 2008)(citation omitted). Therefore, the existence of a previous action brought by Holliday asserting a malicious prosecution claim would not toll the statute of limitations here. See Harkleroad v. Claxton, No. CV 408-167, 2011 WL 13199127, at *3 (S.D. Ga. Dec. 12, 2011)("While Plaintiff's first suit was timely filed, her second suit was filed almost a year after the statute of limitations had expired. The two suits were separate suits filed under different case numbers, and this Court sees no reason to treat them as one suit even though they were pending at the same time."). The statute of limitations is based on the date this case was initiated, which is June 4, 2018 — months after the four-year statute of limitations ran.

7

Because the sole claim in the Second Amended Complaint is time-barred, the Second Amended Complaint is dismissed with prejudice and the case will be closed.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Markel Syndicate 3000 at Underwriters at Lloyds' Motion to Dismiss the Second Amended Complaint (Doc. # 38) is **GRANTED**. The Second Amended Complaint is dismissed with prejudice.

(2) The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of November, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE