UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLYDE J. HOLLIDAY, III,

    Plaintiff,

v.                                  Case No.: 8:18-cv-1327-T-33CPT

MARKEL SYNDICATE 3000 AT
UNDERWRITERS AT LLOYDS,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to pro se Plaintiff Clyde J. Holliday III's Motion to Vacate (Doc. # 42), which the Court construes as a motion for reconsideration. Defendant Markel Syndicate 3000 at Underwriters at Lloyds responded in opposition on November 28, 2018. (Doc. # 43). For the reasons that follow, the Motion is denied.

## I. Legal Standard

When, as here, a motion for reconsideration is filed within 28 days of an order, Rule 59 applies. Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact."

1

Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014)(quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012)(citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

## II. Analysis

In its November 7, 2018 Order, the Court granted Markel Syndicate 3000's motion to dismiss the Second Amended Complaint with prejudice because the sole remaining claim — for malicious prosecution — was time-barred. (Doc. # 41). That Order explained that the statute of limitations for malicious prosecution is four years and "begins to run when the prosecution is terminated in the plaintiff's favor." (Id. at 4-5). The Second Amended Complaint alleged the charges against Holliday were dropped on October 8, 2013, so the statute of limitations ran on October 8, 2017. (Id. at 5).

2

Because this action was initiated on June 4, 2018, the Court held that the statute of limitations had already run, and Holliday's claim was time-barred. (Id.).

Now, Holliday seeks reconsideration of the Court's Order and argues that his claim is not time-barred. (Doc. # 42). As a preliminary matter, the Motion is procedurally deficient. Holliday has failed to provide a memorandum of law in support of the Motion as required by Local Rule 3.01(a). See Local Rule 3.01(a), M.D. Fla. (requiring that every motion be accompanied by "a memorandum of legal authority in support"). Additionally, Holliday has failed to confer with Markel Syndicate's counsel before filing the Motion as required by Local Rule 3.01(g). See Local Rule 3.01(g), M.D. Fla. (requiring a party to confer in good faith with opposing counsel before filing most types of motions and requiring that motion include a certification regarding the conferral). Therefore, the Motion is due to be denied on these grounds alone.

Nevertheless, the Court will also address Holliday's arguments on the merits. First, Holliday argues that the claim is not time-barred because he had filed an earlier action, Holliday v. Syndicate 3000 at Lloyds, London, No. 8:17-cv-2063-T-33AEP, on August 29, 2017. (Id. at 1-2). Because that

case was filed before the four-year statute of limitations had run, Holliday argues that his assertion of the malicious prosecution claim in this case is timely.

The Court already addressed this argument in its Order dismissing the case. (Doc. # 41 at 7). "When an action is dismissed, the statute of limitations is not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed." Steinberg v. Barclay's Nominees (Branches) Ltd., No. 04-60897-CIV, 2008 WL 4601043, at *8 (S.D. Fla. Sept. 30, 2008)(citation omitted). So, this Court held in its previous Order that "the existence of a previous action brought by Holliday asserting a malicious prosecution claim would not toll the statute of limitations here." (Doc. # 41 at 7).

In short, the fact that Holliday's earlier-filed action (8:17-cv-2063-T-33AEP), which was dismissed for failure to serve, was filed within the statute of limitations does not render his claim in this case timely. See Harkleroad v. Claxton, No. CV 408-167, 2011 WL 13199127, at *3 (S.D. Ga. Dec. 12, 2011)("While Plaintiff's first suit was timely filed, her second suit was filed almost a year after the statute of limitations had expired. The two suits were separate suits filed under different case numbers, and this

Court sees no reason to treat them as one suit even though they were pending at the same time.").

Next, Holliday appears to argue that the relevant statute of limitations for his claim is twelve years, rather than four years. (Doc. # 42 at 2-3). As the Court explained in its previous Orders (Doc. # 33 at 8-9; Doc. # 41 at 6), Holliday is incorrect that the statute of limitations period for his malicious prosecution claim is twelve years under Florida law. Section 95.031(2)(a), Florida Statutes, provides that a claim for fraud can be brought no later than twelve years after the fraud occurred, regardless of when the plaintiff discovers the fraud. See Fla. Stat. § 95.031(2)(a) ("An action founded upon fraud under s. 95.11(3) . . . must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence . . . but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered."). Thus, that statute does not create a twelve-year statute of limitations for Holliday's malicious prosecution claim at issue here.

5

Finally, Holliday also accuses Markel Syndicate's counsel of making misrepresentations of fact and accuses the undersigned of "surrender[ing] its authority to the whims of a thoroughly corrupt defense attorney." (Doc. # 42 at 2). These accusations are unfounded. The fact that Holliday disagrees with both Markel Syndicate's and the Court's analysis of the law does not support that the undersigned and defense counsel are biased or colluding against Holliday.

Holliday's Motion to Vacate presents no newly-discovered evidence or manifest errors of law or fact that justify reconsideration of the Court's Order of dismissal. Therefore, the Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Clyde J. Holliday III's Motion to Vacate (Doc. # 42) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of November, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE